UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD K. JOHNSON,

    Plaintiff,

v.

RONALD VAN BOENING, *et al*,

    Defendants.

Case No. C07-5426RBL-KLS

REPORT AND RECOMMENDATION

Noted for November 14, 2008

This matter is before the Court on plaintiff's failure to comply with the undersigned's order (Dkt. #40) regarding his motion for enlargement of time to serve process (Dkt. #38) and order to show cause (Dkt. #41) regarding defendants' motion to dismiss (Dkt. #34). After reviewing of the record, the undersigned submits the following report and recommendation, recommending the Court dismiss this action for failure to comply with the undersigned's orders.

## DISCUSSION

I.    The Undersigned's Order Regarding Plaintiff's Motion for Enlargement of Time

In his motion for an enlargement of time to serve process, plaintiff requested an enlargement of time until August 30, 2008, to serve process, stating that he had not been able to obtain his mail at will, thereby "giving rise to a delayed response to" the undersigned's order. The undersigned noted that while it was not clear exactly to which order plaintiff was referring, the most recent order the Court issued in this case was the one directing service, dated April 28, 2008. (Dkt. #19). The undersigned further noted that the only two defendants that appeared to not have been properly served were defendants Corrections

REPORT AND RECOMMENDATION
Page - 1

1 Officer Woody and Ronald Van Boening, whose return of service came back unexecuted, although it was
2 not clear why that occurred. (Dkt. #36-#37).

3 To the extent plaintiff's request for an enlargement of time was for the purpose completing service
4 of process on those two defendants, the undersigned granted that request, specifically directing plaintiff to
5 provide the Court by no later than September 20, 2008, with accurate mailing address information, so that
6 the Court may re-attempt service by mail on those two defendants. (Dkt. #40). The undersigned also
7 directed that if instead plaintiff sought to complete service on those defendants himself, he must do so and
8 provide proof such service was properly completed by that same date. In addition, the undersigned
9 informed plaintiff that failure to so respond to this order by the above date could be treated as a failure to
10 prosecute this matter resulting in a recommendation of dismissal thereof. To date, however, plaintiff has
11 not responded thereto in any manner.

12 II. <u>The Undersigned's Order to Show Cause Regarding Defendants' Motion to Dismiss</u>

13 Defendants' filed their motion to dismiss plaintiff's complaint on July 2, 2008. On September 3,
14 2008, the undersigned issued an order to show cause finding that due to certain deficiencies found by the
15 undersigned in plaintiff's complaint, that complaint would not be served. (Dkt. #41). Rather, plaintiff was
16 directed to file an amended complaint curing, if possible, those deficiencies or show cause explaining
17 why this matter should not be dismissed by no later than October 3, 2008. Again, plaintiff was warned
18 that failure to so respond to the undersigned's order by the above date would be treated as an admission
19 that defendants' motion to dismiss had merit, and therefore would result in a recommendation that
20 defendants' motion be granted. Plaintiff further was warned that any such dismissal of this action would
21 be a dismissal of the complaint being frivolous pursuant to 28 U.S.C. § 1915, and that such dismissal
22 would count as a "strike" under 28 U.S.C. § 1915(g). Once more, though, to date plaintiff has not
23 responded in any manner to the undersigned's order.

### CONCLUSION

25 Because plaintiff has failed to respond to the undersigned's above two orders, and because his
26 complaint remains deficient for the reasons set forth in the undersigned's order to show cause (Dkt. #41),
27 the Court should dismiss that complaint prior to service with prejudice and as frivolous pursuant to 28
28 U.S.C. §1915(e).

1    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),
2  the parties shall have ten (10) days from service of this Report and Recommendation to file written
3  objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those
4  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit
5  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November
6  14, 2008**, as noted in the caption.

DATED this 16th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge